**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Randy Wilkinson, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER REQUIRING NOTICE** |
| | ) | **TO PLAINTIFF Of § 406(b)(1)** |
| vs. | ) | **APPLICATION FOR ATTORNEY** |
| | ) | **FEES** |
| Andrew Saul, Commissioner | ) | |
| of the Social Security Administration | ) | Case No. 1-17-cv-147 |
| | ) | |
| Defendant. | ) | |

Before the court is a motion by plaintiff for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1).  On July 9, 2020, the court held a telephonic conference with plaintiff's attorney and the attorney for the United States (herein the "government") to discuss the governing law and the undersigned's concern there should be some showing that plaintiff is aware of the fee request as well as his right to have his views heard by the court if they should differ from his counsel.

For purposes of distinguishing between the interests of plaintiff and those of counsel, plaintiff's attorney will be referred to as "petitioner."  In addition, Commissioner Andrew Saul has been substituted for previous Acting Commissioner Nancy A. Berryhill as the party defendant.

## I.   BACKGROUND

Plaintiff filed his complaint in this action on July 19, 2017, seeking judicial review of the denial of his application for Social Security disability benefits.  Petitioner argued on plaintiff's behalf that the Social Security Administration's ("SSA") ALJ had erred in (1) failing to treat as severe at step two of the five-step sequential analysis employed to several of his claimed impairments, and (2) made several errors in the determination of plaintiff's residual functional capacity.

On November 15, 2018, the court issued its decision agreeing with almost all of the arguments advanced by petitioner.  The court ordered that plaintiff's application for benefits be remanded to the SSA for further proceedings.  Wilkinson v. Berryhill, No. 1-17-cv-147, 2018 WL 6004656 (D.N.D. Nov. 15, 2018).  The court also approved an Equal Access to Justice Act ("EAJA") fee award to plaintiff as a successful litigant in the amount of $6,161.05 which was paid by the government and has been received by petitioner.  The EAJA fee award was calculated by multiplying the 30.35 hours of work expended by petitioner on the judicial proceedings before this court times the EAJA attorney-fee (as adjusted for cost-of-living) of $203 per hour.

After further administrative proceedings following the court's remand, the SSA made two awards of benefits.  The first was to plaintiff on May 2, 2020, for future and past-due disability benefits for the period of September 2015 through the end of April 2020.  While the record is unclear with respect to the exact amount of past-due benefits, the SSA's practice is to withhold 25% of the amount of the award as a contingency in the event it is required to pay petitioner's attorney fees.  In this case, the  SSA is presently withholding $26,756.25.  If this in fact represents 25% of the past-due benefits, then the past due-benefits as of the time of the award are $107,0250.[1]

---

[1]  Inexplicably, the SSA's award notices do not set forth the total amount of past-due benefits.  See, e.g., Barcenas v. Paul, No. CV-16-01311, 2019 WL 6736900 at *1 n.2 (C.D. Cal. Aug. 20, 2019) (making the same observation and similarly back-calculating what may be the correct number based upon  amounts withheld to pay attorney fees).  Rather, it sets forth the monthly amounts that are payable over the period in question as the amounts are adjusted for increases in benefits but leaves some uncertainty as to the exact beginning date as well as whether the first or last months in the schedule of payments are counted, all or in part.  Petitioner in his motion states the amount of the past due award is slightly higher, $109,098.60, but does not explain how he arrived at his calculation.  The undersigned attempted to make his own calculation from the schedule in the notice of award and came up with yet a different amount that was slightly higher than that calculated by the petitioner.  In short, it is not possible to tell from the information in the award notice whether the SSA has properly calculated the past-due benefits, under withheld for potential attorney fees, or both.  Since the SSA obviously made a calculation and given the fact the statute governing fees  makes the calculation material, one wonders whether it is being deliberately obtuse in not providing the exact number.  If the lack of information becomes material to resolution of the pending motion, the court will likely order the Commissioner to promptly provide its calculation.

The second award of future and past-due benefits was made to plaintiff on behalf of a dependent child.  As part of the award, the SSA similarly determined past-due benefits were owed for the period beginning September 2015 through the end of April 2020.  Again, the exact amount of past-due benefits is unclear. The SSA is presently withholding from this award $6,683.00 for attorney fees in the event it is required to pay attorney fees.  If this amount represents 25% of the past-due benefits, then the amount of past-due benefits is $26,732.  Utilizing the figures set forth above, the total of the two awards for past-due benefits is $133,757.

Petitioner has a contingency fee agreement with plaintiff in which plaintiff agreed petitioner would be entitled to 25% of past-due benefits awarded to plaintiff as well as family members in the event of a successful award.  However, if no award was made, plaintiff would owe nothing for petitioner's efforts.

The use of contingency fee agreements has long been a common practice in SSA cases. Initially, the agreements were not regulated and agreements providing for recovery of one-third to one-half of the award were common.   Gisbrecht v. Barnhart, 535 U.S. 789, 804 (2002) ("Gisbrecht"). Out of concerns that considerable lapses of time may result in large amounts of accrued benefits (and, consequently, large legal fees)  and that percentages of one-third and higher were excessive, Congress in 1965 imposed several limits on contingency agreements in 42 U.S.C. § 406(b)(1).  First, the percentage of recovery is limited to 25%.  Second, only past due benefits may be considered in calculating the recoverable amount.  Third, there is not an automatic entitlement to recovery based on the percentage specified in the contingency agreement—even if it is 25% or less.  Rather, Congress also imposed a "reasonableness limit" in the language of § 406(b)(1) that limits an attorney to recovery of "a reasonable fee . . . not in excess of 25% of . . . past-due

benefits[.]"  See id. at 799–807; see also Hopkins v. Cohen, 390 U.S. 530, 534 & n.6 (1968).

With respect to the reasonableness limitation, the Supreme Court in Gisbrecht construed the relevant statutory language as requiring the reviewing court to start with the contingency fee agreement and then test the resulting amount for reasonableness with the burden of demonstrating reasonableness being upon the attorney requesting the fees.  Factors the Court identified as being relevant in determining reasonableness (in addition to the contingency fee agreement being primary) include:  (1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct for the purpose of increasing  past-due benefits and thereby the size of the potential award; (4) whether the benefits are large in comparison to the time counsel spent on the case (i.e., whether the counsel will receive a "windfall"); and (5) the hours worked by the attorney together with his or her hourly rate for non-contingent fee cases.  Id. at 807–08.

In this case, petitioner asks the court to award the full amounts being withheld by the SSA for payment of attorney fees, which is $33,439.25.  As noted above, this amount is (or is very close to) 25% of the total of the amounts of past-due benefits awarded plaintiff and his dependent.  Petitioner argues that an award of this amount is reasonable given plaintiff's agreement to an award based upon 25% of the past-due benefits as well as the other Gisbrecht factors.[2]

Petitioner acknowledges he cannot keep both the EAJA fees paid by the government and fees

---

[2]  As noted above, one of the factors identified in Gisbrecht is the number of hours worked by the attorney together with his or her hourly rate in non-contingent fee cases.  In this case, petitioner states that his hourly rate in non-contingent cases is $250 per hour.  An award of the full amount requested of $33,439.25 equates on an hourly basis for the 30.35 hours expended to $1,101.79 per hour.  Petitioner states that the difference between these hourly rates is not unreasonable given:  (1) the nature of the contingency fee agreement, including that it funded the risk of representing the plaintiff (who could not afford to pay the hourly rate whether successful or not) as well as the risk of representing similarly situated claimants; and (2) there being no reason to reduce the amount when considering the other Gisbrecht factors, including that he was not the cause of any delay.  Also, as discussed next, petitioner  points to the fact the EAJA fee award will be returned to plaintiff and his promise not to seek further fees at the administrative level, which, if awarded, would come out of the benefit awards.

that are payable by the SSA pursuant to § 406(b)(1) from amounts withheld from the two benefit

awards. See Gisbrecht, 535 U. S. at 796. To prevent a double recovery, petitioner states he will pay

the lesser amount of EAJA fees to plaintiff upon receipt of the fees payable pursuant to § 406(b)(1).

This allows plaintiff to continue to realize the benefit of the award of fees made pursuant to the

EAJA and that were paid by the government.[3]

Petitioner also states he will not seek an award of attorney fees pursuant to § 406(a) for work

performed before the SSA following the court's remand if the court awards the fee amount requested

now.[4] While currently there is a limit of $6,000 on any additional fee award under § 406(a),[5] the

---

[3] Petitioner states that, if you subtract the $6,161.05 in EAJA fees to be repaid plaintiff from a full award of $33,439.25, the difference is $27,278.20. Petitioner notes this is 20% of the past-due benefits of $133,757. One court has suggested that the amount of the EAJA fees to be returned should not be considered in evaluating the reasonableness of a fee award under § 406(b)(1) (at least in terms of it being a positive consideration), stating that the return of the EAJA fee merely prevents a double recovery and is a wash. Ringel v. Commissioner of Social Security, 295 F. Supp. 3d 816, 839–40 & n.39 (S.D. Ohio 2018). Also, from another perspective, if one adds the $6,161.05 EAJA fee award to plaintiff in this case to the past-due benefits, the total amount flowing to plaintiff and his dependent, collectively, is $139,918.05 and the requested fees of $33,439.25 is approximately 24% of that amount. That being said, the EAJA award to plaintiff is for attorney fees and is additional money for the plaintiff that reduces the amount of fees plaintiff has to pay from his own pocket or, correspondingly, as the Supreme Court noted in Gisbrecht, has the effect of increasing the "amount of total past-due benefits the claimant actually receives . . . ." 535 U.S. at 796. In that sense, the fact petitioner sought payment of fees from the government for plaintiff's benefit and was successful does speak to the character of petitioner's representation and the results he obtained for the plaintiff. In fact, a number of courts have held that the failure to pursue an EAJA fee award is a negative and requires a downward adjustment in any fee award pursuant to § 406(b)(1). See, e.e., Abreu v. Saul, No. CV-16-853, 2020 WL 1159082, at **2-3 (D.N.M. Feb. 19, 2020); Harlow v. Astrue, 610 F. Supp. 2d 1032, 1034–35 (D. Neb. 2009); see generally 4 Soc. Sec. Law & Prac. § 49:65 (June 2020 update).

[4] Petitioner has not made a formal record here of what happened upon remand other than ultimately there was the two benefit awards. During the telephonic conference with petitioner and the attorney for the government, the court asked what happened upon remand and it appears that petitioner's efforts were more than de minimus and involved additional filings and another hearing. The telephonic conference was not recorded, however.

It appears the court is limited by § 406(b)(1) to awarding fees for work performed before court. At this point, the court makes no ruling with respect to whether it can take into consideration a promise by counsel not to seek additional fees for work performed before the agency as a factor bearing upon the reasonableness of the fee, which arguably may be different. Petitioner may, if he so chooses, brief this issue as well as provide additional information with respect to what happened upon remand.

[5] Section 406(a) imposes a fixed-dollar a limit on attorney fees that can be recovered for work performed before the agency, which the SSA is authorized to increase from time-to-time. It appears the maximum amount currently is $6,000. 74 Fed. Reg. 6080-02 (Feb. 4, 2009) (increasing maximum award to $6,000); see Lathrop v. Berryhill, No. 4:18-cv-04025, 2020 WL 1703857, at *5 (D.S.D. April 8, 2020).

total amount plaintiff might be responsible for pursuant to §§ 406(a) and 406(b)(1)—either by having the fees withheld from past-due benefits or having to pay petitioner directly if the amount withheld is not enough—could potentially exceed the fee amount currently being requested. See Culbertson v. Berryhill, __ U.S.__, 139 S. Ct. 517 (2019) (holding that the 25% limit upon attorney fees in § 406(b)(1) applies only to fees for court representation and not the aggregate of fees under §§ 406(a) and 406(b)(1)). Under certain scenarios, this might be true, even if the court reduced the fee award requested by the present motion.[6]

The Government has filed a response to the motion for fee approval in which it outlines the law that governs fee awards. However, it takes no position whether petitioner's fee request is reasonable.

Finally, since the fee request has been made by motion brought in plaintiff's name, the only guarantee the court has that plaintiff is aware (1) of the motion, (2) his right to express his opinion on whether the amount being requested is reasonable notwithstanding the fee agreement, and (3) the mechanism by which he can weigh in and the time for doing so is reliance upon petitioner having fully advised plaintiff of these matters.

## II.   DISCUSSION

Two points about awards of fees pursuant to §406(b)(1) are in order. First, a Social Security claimant has an obvious interest in an award of fees pursuant to § 406(b)(1)—not just formally as a named party but also substantively—given that the fees are payable from claimant's benefit

---

[6] For example, if the court reduced the fee award requested here by $5,000 and the SSA awarded the full $6,000 for work performed before the SSA upon remand, then the total amount of attorney fees plaintiff ultimately would be responsible for would be $1,000 more than the current request. On the other hand, if the court reduced the fee award being requested under the present motion by $10,000 and the SSA awarded an additional $4,000 (less than the maximum), then the total amount of attorney fees coming out of the two benefit awards would be $6,000 less than the current request.

award.[7] Further, given that an award of fees is limited as a matter of law to what is reasonable and the nature

of the Social Security program, the court would be loathe to conclude that a claimant can waive his or her right as an interested party to be heard with respect to whether the fee request is reasonable—even with more legalese in the contingent fee agreement than is present in this case.[8]

Second, what is also obvious is that the interests of the Social Security claimant and the claimant's attorney may be in some instances be divergent when it comes to fee requests pursuant to § 406(b)(1).  That is, an attorney can seek an award of fees pursuant to § 406(b)(1) even if that amount is higher than what the client might deem reasonable after having been fully advised with respect to the law governing the award of attorney fees.[9]  And, while the best practice in that situation may be for the attorney to separately petition the court for the award of fees and serve his or her client with a copy of the petition, the undersigned is skeptical this will be done in all instances.

In recognition of the potential for divergence of interests between the claimant and his or her attorney when it comes to fees that are payable from the claimant's benefit award, the SSA requires

---

[7] In Gisbrecht, the Supreme Court stated in a footnote that the real parties in interest in the three cases before it were the attorneys.  However, as made clear by the text of the Court's opinion to which the footnote was appended, the persons appealing were the three attorneys whose fee requests were denied or limited with no indication that the claimants in those cases were in disagreement with the positions of their attorneys.  535 U.S. at 798 n.6. Hence, the undersigned does not read this offhand remark as the Supreme Court having concluded that a claimant has no interest in a § 406(b)(1) request being made by the attorney to the district court in the claimant's name.

[8] Also, in some cases, the disability is diminished mental capacity.

[9]  The claimant might believe that the amount is unreasonable based on the amount or quality of the work performed relative to the amount of past-due benefits award. Also, as noted in a prior footnote, the claimant may also object if counsel failed to file a motion for EAJA fees, which, as a practical matter, offsets some of the fee burden if awarded.

an attorney to serve a copy of a 406(a) fee request for services performed at the agency level upon the claimant. 20 C.F.R. §§ 404.1725(a)(7), 416.152(a)(7).  However, there is nothing in § 406(b)(1) or the SSA's regulations which requires proof that a claimant has been given notice of a motion made to the court for approval of fees pursuant to § 406(b)(1).  See generally C. Kubitschek & J. Dubin, Social Security Disability Law & Procedure in Federal Court § 10:26 (Jan. 2020 update) ("SSA Law & Procedure").  The same is true for the Federal Rules of Civil Procedure, which, as a general matter, do not require proof that a party represented by an attorney has been furnished copies of court filings made on his or her behalf.

Nevertheless, a number of courts have required proof that claimants have been provided notice of motions for approval of § 406(b)(1) fee requests.  See, e.g., Joshua v. Saul, No 15-1192, 2019 WL 4238892, *1 (C.D. Cal. June 17, 2019); Holder v. Astrue, Civ. No. 05-3521, 2009 WL 1363538, **3–4 (D. Ariz. May, 7, 2009); Taylor v. Heckler, 608 F. Supp. 1255, 1260–61 (D.N.J. 1985); Robinson v. Secretary of HEW, 456 F. Supp. 876, 878 (E.D. Mich. 1978); see generally SSA Law & Procedure, supra.  In some of the cases, due process is cited as a concern.  See id.

Also, at least one court has gone further and required an "enhanced notice" that affirmatively advises the claimant of the right to object to the fee request and the procedure to be followed to do so.  See, e.g., Taylor v. Heckler, 608 F. Supp. at 1260–61.  In addition, there are other courts that have accomplished the same thing by either itself giving notice to the claimant of the pending motion, thereby inviting a response if there is an objection (see, e.g., Robinson v. Secretary of HEW, 456 F. Supp. at 878)), or issuing an order setting forth a deadline for responding and requiring proof that the motion and order were served upon the claimant (see, e.g., Lovejoy v. Commissioner, No. 1:15-cv-00360, 2018 WL 3629922, at *1 (E.D. Cal. 2018)).

While not concerned about the professionalism of plaintiff's counsel in this case, the undersigned agrees with those courts which have held that fairness (if not also due process) necessitates something more than a motion filed in the plaintiff claimant's name and nothing else. Hence, pursuant to the court's inherent powers, the undersigned will require that the procedure set forth below be followed in this case, given its present posture, before ruling on the pending motion.[10]

By so ordering, the court is not expressing any opinion at this point with respect to whether the requested fees are reasonable or unreasonable.

## III.   **ORDER**

Pursuant to the foregoing, it is hereby **ORDERED** as follows:

1.   Petitioner shall promptly forward by mail to plaintiff: (1) a copy of this order; (2) a copy of the affidavit (or unsworn declaration under penalty of perjury) required below; and (3) copies of the pending motion for fees, the government's response, and the reply to the government's response if, for some reason, these documents have not previously been forwarded to plaintiff.

2.   Petitioner shall file with the court an affidavit (or unsworn declaration under penalty of perjury) stating that petitioner has provided plaintiff copies of the documents required to be furnished to plaintiff as set forth above.

3.   Plaintiff (*i.e.*, Mr. Wilkinson) shall have 14 days from the date of the affidavit (or unsworn declaration under penalty of perjury) to advise the court of objections he may have (if any) to petitioner's request for fees as set forth in the pending motion.

---

[10] In the absence of a local rule or district-wide established practice, the undersigned in future cases would endeavor to enter an order at the time of the filing of the motion that would: (1) set forth the time period for claimant's response and the means for doing so; (2) require that counsel serve the order upon the claimant; and (3) require that counsel file proof of service of the order and motion.

Plaintiff may do so by a formal filing or by letter addressed as follows:

Chambers of Magistrate Judge Miller
PO Box 670
Bismarck, ND 58502-0670

Dated this 24th day of July 2020.

*/s/  Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court