**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Randy Wilkinson, ) | |
| ) | |
| Plaintiff, ) | **ORDER RE HEARING** |
| ) | |
| vs. ) | |
| ) | |
| Andrew Saul, Commissioner ) | |
| of the Social Security Administration, ) | Case No. 1:17-cv-147 |
| ) | |
| Defendant. ) | |

On July 24, 2020, the court issued an order requiring that plaintiff's attorney (herein "petitioner") provide notice to his client of the motion for an award of attorney's fees, the Commissioner's response, and the reply by petitioner. The order also specified a time and manner for plaintiff to provide a response to his attorney's motion.

On August 10, 2020, the Court received and filed a letter from plaintiff objecting to the size of the fee request on several grounds, including: (1) the requested fee when evaluated on an hourly basis of over $1,000 per hour is unreasonable; (2) counsel failed to periodically keep him advised as to the status of the case; (3) counsel failed (at least at times) to send him copies of filings made with the SSA as well as this court, to an extent that he only became aware of the pending motion for fees when he received copies of these documents from petitioner pursuant to the court's recent order; (4) much of the leg work in obtaining relevant medical records was done by plaintiff's spouse; (5) counsel failed at times to make filings with the SSA in a proper or timely manner resulting in delays in the case; and (6) petitioner advised plaintiff that his office did not handle making claims for benefits for his children and that plaintiff made the requisite requests to the SSA. In addition, plaintiff provided a copy of a letter from the SSA's Chief ALJ for Regions 8 and 10 stating the SSA

-1-

would not approve the fee agreement between petitioner and plaintiff at the agency level because the agreement did not fully reflect the statutory limitations imposed by 42 U.S.C. § 406.

On the same day that the court received plaintiff's letter, petitioner filed a Motion for Leave to File requesting that he be given an opportunity to respond to plaintiff's objections. As a matter of fairness, the court issued an order permitting both the petitioner and the government to respond to plaintiff's letter and time for all parties to request a hearing. Also, the court ordered that additional information be filed relevant to what plaintiff claimed in his letter as well as providing more detail about what happened in this case upon remand.

On August 25, 2020, petitioner filed his response disputing the claims made by plaintiff in his letter to the court. Included with the response was a copy of the decision of the ALJ upon remand that resulted in the award of benefits to plaintiff and later his dependent along with certain other additional information.

After careful review of plaintiff's letter and petitioner's response, the court has concluded that a telephonic hearing is appropriate. During the hearing, the court will take up plaintiff's objections to the requested fee award as well as petitioner's responses to the objections. Questions that the court has include (but are not limited to) the following:

1. Plaintiff claims that petitioner failed at times to make filings with the SSA in a proper or timely manner resulting in delays in the case. Plaintiff, however, did not provide any specifics. The court is interested in what further information plaintiff has on this subject, particularly what it is that leads him to conclude that petitioner caused delays to the case. Based upon what the court has reviewed, it does not see any petitioner-caused delays but it may not have all of the relevant information.

2. Does the SSA's disapproval of the contingent-fee agreement and/or the fact it does not mirror the statutory language mean this court cannot award fees pursuant to it? **Does the government have a position on this question as well as any pertinent authority on the subject?**

3. The court noted in a prior order that (1) the court could award the full amount that the SSA is withholding for payment of fees of $33,439.25 for the work performed by petitioner before the court (if it concluded it should give effect to what the agreement of the parties allowing petitioner to collect 25% of the past-due benefits, which in this case is $133,757), and (2) petitioner could—at least in terms of what the law allows—seek additional fees for work performed at the administrative level before the SSA pursuant to the contingent-fee agreement subject to a maximum amount of $6,000. The court made this observation, however, without fully considering the language of the contingent-fee agreement or the fact the SSA had disapproved the fee agreement, a point the court was not then aware of. The court now has the following questions:

   a. In disapproving the contingent-fee agreement, the SSA stated petitioner could seek an award of fees for work performed before the agency by petition. If petitioner was to do so and the time for doing so has not expired, is the court correct in reading the relevant statutory language that the $6,000 limit does not apply and that the amount of fees the SSA could award could potentially be greater? In other words, assuming the court was to award for work performed

before the court the full amount of fees being withheld of $33,439.25, could the SSA award additional fees of say, for example, $10,000 and that petitioner would then be responsible for this additional amount as well? When the SSA awards fees for work before the agency, would it cover in this case all of the work or just the work performed upon remand?[1] Also, if the court awards the full amount requested for work performed before the court, thereby exhausting what currently the SSA is withholding for payment of fees, will the SSA withhold from future benefits payable to plaintiff any additional amounts it may award for work performed at the administrative level?

    b.    Does a strict reading of the contingent-fee agreement between plaintiff and petitioner in this case limit petitioner to recovering 25% of the past-due benefits with the net result being (i) that there is no possibility of plaintiff ever being responsible for more than $33,439.25, and (ii) petitioner's offer to forgo additional fees at the administrative level if the court awards the full amount requested is

---

[1] The court is aware the SSA will consider a number of factors in deciding what amount to award in fees at the administrative level. In this case, petitioner states he expended approximately 55 hours for all of the work performed—33.3 hours prior to seeking review before this court and 22.5 hours upon remand. The court is not aware of what hourly rate the SSA might deem appropriate. The court notes, however, the EAJA fee rate in this case was $203 per hour and that petitioner states his non-contingent fee rate is $250 per hour. If the SSA considered *only* the numbers of hours expended and found all of the claimed hours in this case to be appropriate, the net result would be an additional fee aware of $11,165 *if*, for example, it used an hourly rate of $203. To put an even finer point on what is at issue, if the court was to reduce the requested fee award for work performed before the court to $25,000, for example, and the SSA decided that $10,000 was appropriate compensation for work performed before the agency, the net result would be plaintiff being responsible for total fees of $35,000—more than the current request with the promise by petitioner not to seek additional fees if the full amount requested is approved.

        illusory? What impact does the SSA's disapproval of the contingent-fee agreement have on these questions?

4. What paperwork is required to obtain an award of dependent benefits? Is there a standard form? Even if the request must be signed plaintiff, what is the standard of practice in terms of a claimant getting access to the necessary paperwork in terms of whether the claimant is expected to do so on his or her own or whether counsel provides it to the claimant?

5. How did plaintiff become aware of the possibility of an award of dependent benefits? Did petitioner counsel plaintiff to seek an award and, if so, was this in writing (*i.e.*, letter or email) or was it verbal?

The telephonic hearing will be held on the 2nd day of October, 2020 at 10:30 AM CDT. Plaintiff is not required to participate, but failure to participate will result in the court deciding the question of fees based upon the information before it. Unless further instructions are given, the court will call the parties.

    **IT IS SO ORDERED**.

    Dated this 14th day of September, 2020.

                                            */s/ Charles S. Miller, Jr.*
                                           Charles S. Miller, Jr., Magistrate Judge
                                           United States District Court